# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES GHALIB, | No. 4:25-CV-00463 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| LYCOMING COLLEGE and CHOICE CARPET CLEANERS, | |
| Defendants. | |

## MEMORANDUM OPINION

### SEPTEMBER 23, 2025

## I.  BACKGROUND

On March 12, 2025, Plaintiff, Charles Ghalib ("Ghalib"), filed a two-count complaint against Defendant, Lycoming College ("Lycoming").[1] In May 2025, Lycoming filed a Motion to Dismiss the complaint. However, on May 28, Ghalib mooted that motion by filing a First Amended Complaint adding both a defendant, Choice Carpet Cleaners ("Choice"), and an additional count.[2]

On June 11, 2025, Defendant filed a Motion to Dismiss the First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[3] The motion is now ripe for disposition; for the reasons that follow, it is denied.

---

[1] Doc. 1.
[2] Doc. 11 (First Am. Compl.); Doc. 12.
[3] Doc. 13.

## II.  DISCUSSION

### A.  Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), courts dismiss a complaint, in whole or in part, if the plaintiff fails to "state a claim upon which relief can be granted." Following the landmark decisions of *Bell Atlantic Corp. v. Twombly*[4] and *Ashcroft v. Iqbal*,[5] "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[6] The United States Court of Appeals for the Third Circuit has instructed that "[u]nder the pleading regime established by *Twombly* and *Iqbal*, a court reviewing the sufficiency of a complaint must take three steps": (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they plausibly give rise to an entitlement to relief."[7]

### B.  Facts Alleged in the Amended Complaint

The facts alleged in the Amended complaint, which this Court must accept as true for the purposes of this motion, are as follows.

---

[4]  550 U.S. 544 (2007).
[5]  556 U.S. 662 (2009).
[6]  *Id.* at 678 (quoting *Twombly*, 550 U.S. at 570).
[7]  *Connelly v. Lane Construction Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).

Ghalib is a Lebanese man who is of Arab ethnicity.[8] In February 2024, he was hired by Choice, a cleaning and janitorial service company.[9] Ghalib was placed with Lycoming, where he worked nearly full-time schedule.[10] While Choice was in charge of his payroll, Lycoming and its employees were in charge of his training and supervising.[11] Ghalib worked alongside a Lycoming employee named Deborah.[12] While Deborah and Ghalib were never assigned to clean the same areas, they did both have cleaning responsibilities in the same building.[13]

By April 2024, Ghalib believed that Deborah held racially discriminatory views due to her making derogatory statements about the magnitude of "foreigners" being at the school, people like Ghalib taking up available jobs, and his "kind" in general.[14] Additionally, Deborah sent a text to Ghalib's supervisor, Denny, another Lycoming employee, and Ghalib disparaging his job performance and oddly suggesting that he drank from her thermos.[15]

In early May 2024, Ghalib directly complained "of racial discrimination" several times to his supervisor, Denny, and told him that Deborah had a problem with him for being Middle Eastern.[16] Ghalib was told in response that Denny would

---

[8]  Doc. 11 ¶ 14.
[9]  *Id.* at ¶ 17.
[10] *Id.* at ¶ 19.
[11] *Id.* at ¶¶ 21–22.
[12] *Id.* at ¶¶ 22–23.
[13] *Id.* at ¶ 24.
[14] *Id.* at ¶ 25.
[15] *Id.* at ¶ 28.
[16] *Id.* at ¶ 30.

have discussions with his own manager to find a solution.[17] That solution would come in late May, when Ghalib was removed from working at the building and was converted to a floating assignment.[18] He eventually saw his hours and schedule "drastically reduced" and was told in July that his employment was ending due to Lycoming's decision to no longer use him.[19] Following his complaints of discrimination, Ghalib was not re-assigned nor contacted by Choice.[20]

### C.  Analysis

Ghalib initiated the instant suit to recover damages for his reassignment, diminution in hours, and ultimate termination. He asserts counts of discrimination and retaliation under 42 U.S.C. § 1981 ("Section 1981") and 42 U.S.C. § 2000e, et seq. ("Title VII"). Because the same standards apply in both discrimination and retaliation cases under Section 1981 and Title VII, I will address the claims under both statutes together.[21]

#### 1.  Section 1981 and Title VII — Discrimination

The Court will first address the racial discrimination claims under Section 1981[22] and Title VII. To establish a plausible claim for race-based discrimination,

---

[17]  *Id.*
[18]  *Id.* at ¶ 31.
[19]  *Id.*
[20]  *Id.* at ¶ 34.
[21]  *See Castleberry v. STI Grp.,* 863 F.3d 259, 263 (3d Cir. 2017) (citing *Brown v. J. Kaz, Inc.,* 581 F.3d 175, 181–82 (3d Cir. 2009)); *Estate of Oliva v. N.J., Dep't of Law & Pub. Safety, Div. of State Police,* 604 F.3d 788, 798 n.14 (3d Cir. 2010).
[22]  To maintain a claim under Section 1981, the Plaintiff must establish that alleged discrimination impaired a prospective or existing contractual right. *Domino's Pizza, Inc. v. McDonald,* 546

"Plaintiffs must allege sufficient facts [of] (1) their status as a racial minority; (2) the intent of defendant to discriminate on the basis of race; and (3) discrimination concerning one or more of the activities enumerated in § 1981."[23]

In Lycoming's Brief in Support of its Motion to Dismiss, it argues that Ghalib failed to plausibly plead discrimination because (1) the allegedly discriminatory remarks were made by a co-worker (not a decision-maker with the ability to supervise or fire the employee)[24] and (2) they claim the Amended Complaint contains no evidence that the Lycoming took adverse action based on the Plaintiff's race or national origin. Ghalib countered in his Brief in Opposition that he pled sufficient facts to make his discrimination claim plausible. He noted that facts supporting this conclusion include that (1) he is member of a protected class (Lebanese/Middle Eastern/Arab), (2) he was qualified for the position of a janitor as

---

U.S. 470, 476 (2006). Within its Brief in Support of its Motion to Dismiss, Lycoming argues that no such contractual rights have been alleged to be infringed upon because Ghalib was in no contractual relationship with Lycoming. However, this oddly ignores the fact that Plaintiff alleged that Lycoming made the decision to terminate his employment. Whether that employment was directly with Choice is somewhat irrelevant given that it is settled that an impairment of contractual rights with a third party is sufficient, as well. *See Gross v. R.T. Reynolds, Inc.*, 487 F. App'x 711, 718 (3d Cir. 2012). Even if Lycoming was not a party to any contract with Ghalib, it has been alleged that Lycoming interfered with his employment contract with Choice. This is sufficient to allow the Plaintiff to survive a motion to dismiss regarding the Section 1981 claim.

[23] *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 797 (3d Cir. 2010) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 569 (3d Cir. 2002)); *Castleberry v. STI Grp.*, No. 4:15-CV-00153, 2015 U.S. Dist. LEXIS 149286 (M.D. Pa. Nov. 4, 2015).

[24] This allegation is not supported by any case law in Lycoming's briefing—likely because no such case law exists. Rather, the Third Circuit has expressly held that an employer can be liable for a co-worker's discrimination when the employer was negligent in failing to discover the co-worker harassment or in responding to a report of such harassment." *Huston v. P&G Paper Prods. Corp.*, 568 F.3d 100, 105 (3d Cir. 2009).

shown by his being placed at Lycoming, (3) he was subject to adverse action through a reduction in hours and termination, and (4) the adverse action was a result of his race and ethnicity as seen by Deborah's comments and Denny's knowledge of them.

While these allegations sound more forcefully in retaliation than discrimination, after viewing the facts and allegations in the light most favorable to the Plaintiff it appears that each element of a discrimination claim is satisfied. In his allegations, Ghalib clearly asserts that he belongs to a racial minority group and that discrimination occurred concerning one of the activities enumerated in Section 1981 – termination of a contract/employment.[25]

The alleged adverse actions in this case are the reassignment, reduction in hours, and termination of Ghalib's employment, not his co-worker's alleged discriminatory actions.[26] What Ghalib has alleged is that Lycoming, through its employee Denny, was presented with alleged racial discrimination between two co-workers and took action against the alleged victim rather than the perpetrator. It is plausible that Lycoming's intent in those actions was to discriminate, specifically given the lack of a claim by either party that any other significant event occurred between the report of discrimination and Ghalib's termination.

---

[25] *See Castleberry v. STI Grp.*, 863 F.3d 259, 266 (3d Cir. 2017) (finding that termination of employment satisfied the third element of this standard).
[26] *See Castleberry v. STI Grp.*, No. 4:15-CV-00153, 2015 U.S. Dist. LEXIS 149286, at *16 (M.D. Pa. Nov. 4, 2015).

While there are potential neutral, nondiscriminatory rationales for Ghalib's termination, Lycoming did not provide any such reason in its briefing. When this occurs and the Plaintiff has alleged a firing after alleged racial discrimination, the Third Circuit has found there to be an inference of discriminatory intent.[27] At this point, I must accept the allegations made in the Amended Complaint as true.[28] Those allegations allege that Ghalib reported instances of race-based discrimination and was later informed that Lycoming made the decision to re-assign and terminate him. This leads to a possible conclusion that the rationale behind these actions was discriminatory intent.[29] Because all that is necessary at this stage is for the complaint to "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof" of unlawful discrimination, all elements of the discrimination claim have been plausibly pled.[30] The Third Circuit has made clear that a dismissal under these circumstances for these reasons would be premature.[31] As such, the Motion to Dismiss the discrimination claims under Section 1981 and Title VII is denied.[32]

---

[27] *See Castleberry*, 863 F.3d at 262, 266; *Texas Dep't of Cmty. Affs. v. Burdine*, 450 U.S. 248 (1981).
[28] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).
[29] Plausibility of the claim is all that is necessary at the motion to dismiss stage. *Id.* at 678; *Dreibelbis v. Cnty. of Berks*, 438 F. Supp. 3d 304, 310 (E.D. Pa. 2020).
[30] *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016).
[31] *See Castleberry*, 863 F.3d at 266 (citing *McDonnell Douglas Corp. v Green*, 411 U.S. 792 (1973)).
[32] I do not employ the often-used *McDonnell Douglas* standard in this case because it is not applicable at the Motion to Dismiss stage. *See Palmore v. Hornberger*, 813 F. App'x 68, 71 (3d Cir. 2020) (explaining that it would make little sense to utilize the framework when the district court must only consider the complaint at the Motion to Dismiss stage).

## 2. Section 1981 and Title VII — Retaliation

The Court next addresses the retaliation claims under Section 1981 and Title VII. To establish a plausible retaliation claim, a plaintiff "must allege sufficient facts that (1) they engaged in a protected activity; (2) their employer took an adverse employment action against them; and (3) there was a causal connection between their participation in the protected activity and the adverse employment action."[33] Lycoming argues in its Motion to Dismiss that Ghalib failed to allege (1) that he engaged in any protected activity, (2) that any retaliatory action occurred in response to the alleged racial discrimination, and (3) that sufficient facts to find that the causation element was met. In short, they argue that none of the prima facie elements have been sufficiently pled.

Taking the allegations made in the First Amended Complaint as true, the Court finds that Ghalib's complaint has made out a plausible claim of retaliation. The Third Circuit has made clear that making an informal complaint to management of discriminatory employment practices suffices to establish the protected activity prong of a retaliation claim.[34] Both our Court of Appeals and the Supreme Court have held that when this occurs and a reasonable person could have believed that the conduct complained of constituted unlawful discrimination under Title VII, the

---

[33] *Castleberry v. STI Grp.*, No. 4:15-CV-00153, 2015 U.S. Dist. LEXIS 149286 (M.D. Pa. Nov. 4, 2015); *Estate of Oliva ex rel. McHugh v. New Jersey*, 604 F.3d 788, 798 (3d Cir. 2010) (citing *Moore v. City of Philadelphia*, 461 F.3d 331, 340–41 (3d Cir. 2006)).

[34] *Daniels v. Sch. Dist. of Philadelphia*, 776 F.3d 181, 193 (3d Cir. 2015).

protected activity prong of the standard is sufficiently pled.[35] Here, that is just what Ghalib did when he complained to Denny—an employee of Lycoming—of discrimination based on his race/ethnicity in his workplace. While many of the comments Deborah allegedly made are somewhat ambiguous, a reasonable person could determine that making negative comments about "foreigners" and Plaintiff's "kind"—among Deborah's other comments—constituted race-based discrimination.[36] Given that there is no dispute that Ghalib informed Denny of the alleged discrimination, a reasonable person could also believe that inaction afterward—or deciding to terminate the employment of the reporter—amounted to discrimination.[37] As such, the first prong of the retaliation claim has been sufficiently pled here.

The Plaintiff has also established the adverse action prong. The test here is whether the action might lead a reasonable person to be dissuaded from making or supporting a claim of discrimination.[38] Removal from an assignment, reduction of

---

[35] *Id.* at 194 (citing *Clark County School District v. Breeden*, 532 U.S. 268, 270 (2001) (per curiam)); *Wilkerson v. New Media Tech. Charter Sch. Inc.*, 522 F.3d 315, 322 (3d Cir.2008).

[36] *See Williams v. Twp. of Lakewood,* No. 17CV11401PGSTJB, 2020 WL 7391009 (D.N.J. Dec. 15, 2020) (similar commentary about a plaintiff's race/ethnicity was found to establish the intent prong of this analysis).

[37] *Merritts v. Pennsylvania*, No. 1:17-CV-01881, 2020 WL 3128529, at *3 (M.D. Pa. June 12, 2020) (finding that inaction by supervisors can amount to intentional discrimination); *Patel v. CF Fresh LLC*, No. CV 22-1010, 2022 WL 16747276 (E.D. Pa. Nov. 7, 2022) (noting that termination and reduction in responsibilities can amount to retaliatory conduct), *aff'd*, No. 22-3286, 2024 WL 957973 (3d Cir. Mar. 6, 2024).

[38] *Daniels*, 776 F.3d at 195 (citing *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006)).

hours, and eventual termination all would lead a reasonable person to be discouraged from making or maintaining discrimination claims.[39] At this stage, that is sufficient to satisfy the adverse action prong of a retaliation claim.

The final prong of a retaliation claim is the requirement that there be a causal connection between the protected activity and adverse action. This too is sufficiently established, here. To establish such a causal link, "a plaintiff may rely on the temporal proximity between the [protected activity and adverse action]" but the individuals taking the adverse action must have known of the protected conduct.[40] The Third Circuit has held that "an inference of retaliation" —which alludes to the causation element—can arise from the temporal proximity of less than three months between the protected activity.[41] Here, Plaintiff has alleged that in early May 2024

---

[39] *See Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 70 (2006) (noting that reassignment can be a form of retaliation and can dissuade discrimination reporting); *Daniels*, 776 F.3d at 196 (noting that termination can dissuade discrimination reporting); *Brennan v. Century Sec. Servs.*, No. 3:21-CV-01678, 2024 WL 4803532 (M.D. Pa. Nov. 15, 2024) (finding that termination and a reduction in hours can dissuade discrimination reporting). While Lycoming contends that there is no evidence of an adverse action based on the discrimination, at this stage all that is needed is sufficiently pled allegations. *See Palmore v. Hornberger*, 813 F. App'x 68, 71 (3d Cir. 2020); *Dreibelbis v. Cnty. of Berks*, 438 F. Supp. 3d 304, 310 (E.D. Pa. 2020). Here, Plaintiff has pled that he made a complaint of race-based discrimination to his supervisor. He also alleges that Lycoming made the decision to reduce his hours and oust him from the building assignment. These allegations combined sufficiently make out an adverse action.

[40] *Daniels*, 776 F.3d at 196.

[41] *Fasold v. Just.*, 409 F.3d 178, 190 (3d Cir. 2005) (finding that a three-month period may justify "an inference of retaliation"); *see also Nesselrotte v. Allegheny Energy, Inc.*, No. CIV A 06-01390, 2009 WL 703395 (W.D. Pa. Mar. 16, 2009) (finding that a less than three month period between the protected activity and the action satisfied the causation prong); *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999) (finding that two months and one week was sufficient temporal proximity to establish causation).

10

he complained of the alleged discrimination, and by July his hours had been reduced to zero. That falls directly within the temporal proximity that the Third Circuit has found to support an inference of retaliation.[42] As such, the timing of the events raises an inference of causation, meeting the third and final element for a retaliation claim.

As all three elements have been sufficiently pled, the Motion to Dismiss the retaliation claims under Section 1981 and Title VII is denied.

### 3.  Punitive Damages

Finally, Lycoming seeks dismissal of Ghalib's demand for punitive damages. While punitive damages are not available under the PHRA,[43] they can be sought under Section 1981 and Title VII.[44] In *Kolstad v. Am. Dental Ass'n*, the Supreme Court stated that, in this context, punitive damages may be awarded when "the employer has engaged in intentional discrimination and has done so 'with malice or with reckless indifference to the federally protected rights of an aggrieved individual.'"[45] It further expounded that "malice" and "reckless" address "whether the defendant employer has knowledge that he or she may be acting in violation of federal law, not an awareness that he or she is engaging in discrimination."[46]

---

[42] *See supra* note 41.
[43] *Hoy v. Angelone*, 720 A.2d 745, 751 (1998); *Johnson v. Fed. Exp. Corp.*, 996 F. Supp. 2d 302, 321 (M.D. Pa. 2014), *aff'd*, 604 F. App'x 183 (3d Cir. 2015).
[44] *See Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 526 (1999); *Le v. Univ. of Pa.,* 321 F.3d 403, 409 n.4 (3d Cir. 2003); *Mangan v. Commonwealth Med. Coll.*, No. 3:11-CV-2277, 2012 WL 2018270 (M.D. Pa. June 5, 2012).
[45] *Kolstad*, 527 U.S. at 529–30 (quoting 42 U.S.C. § 1981a(b)(1)).
[46] *Id.* at 535.

Lycoming points out a quote from a previous opinion by this Court, *Johnson v. Fed. Exp. Corp.*, saying that "[the Court] precludes claims of vicarious liability for punitive damages."[47] However, this notably ignores the later half of the sentence and the Supreme Court's intent.[48] In *Kolstad*, the Supreme Court explained that "an employer may not be vicariously liable for the discriminatory employment decisions of managerial agents where these decisions are contrary to the employer's good faith efforts to comply with Title VII."[49] It seems fair to say, then, that neither the Supreme Court, Title VII, nor Section 1981 explicitly or implicitly prohibit the imposition of punitive damages in cases such as these.

At this early stage in the litigation, I must take the allegations in the first amended complaint as true and Ghalib has pled that his employment was terminated soon after complaining of racial discrimination. This may rise to the level of conduct that is recklessly indifferent to Ghalib's federally protected rights.[50] As such, he has made out the requirements at this stage to avoid dismissal.

---

[47] Doc. 14 (quoting in part *id.* at 528).
[48] The full quotation is "The Supreme Court precludes claims of vicarious liability for punitive damages *'where [discriminatory employment] decisions are contrary to the employer's good-faith efforts to comply with Title VII.'" Johnson*, 996 F. Supp. 2d at 322 (emphasis added).
[49] *Kolstad*, 527 U.S. at 528.
[50] *See Johnson v. Fieni*, No. 4:23-CV-01315, 2024 U.S. Dist. LEXIS 121179 (M.D. Pa. July 10, 2024); *Mangan v. Commonwealth Med. Coll.*, No. 3:11-CV-2277, 2012 WL 2018270 (M.D. Pa. June 5, 2012).

## III. CONCLUSION

For the above stated reasons Lycoming's motion to dismiss pursuant to Rule 12(b)(6) is denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

13